AUL.25646

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **TRENTON YARBROUGH,** § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | CIVIL ACTION NO. _____ |
| § | | |
| **JOHN DOE AND ARGOS USA LLC,** § | | |
| Defendants. § | | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant **ARGOS USA LLC** ("Argos"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), files this Notice of Removal.

### I. INTRODUCTION

1. This removal is based on diversity jurisdiction. Plaintiff Trenton Yarbrough ("Plaintiff") filed his Original Petition ("Petition") against Argos on December 17, 2020.

2. In his Petition, Plaintiff purports to assert a cause of action for negligence against Argos. Plaintiff seeks damages for medical expenses, physical pain and mental anguish, and physical impairment, and seeks recovery in an amount over $250,000.00 but not more than $1,000,000.00. *See* Exhibit C-2 (Petition, P. 3).

### II. REMOVAL OF STATE COURT ACTION

3. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." As demonstrated below, this action is removable under 28 U.S.C. §1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

### III.  GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

4. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount of controversy, exclusive of interest and costs, exceeds $75,000.00.

**A.  Complete Diversity Exists.**

5. Complete diversity exists because Plaintiff and Defendant Argos are citizens of different states.

6. Plaintiff is a citizen of Texas. Westlaw records show that Plaintiff is 48 years of age. He was issued his social security number in Texas in 1987. His present address is a single-family residential building located in Mesquite, Dallas County, Texas, which he has maintained as his address since 2000 and for which he claims a homestead exemption. Records further show Plaintiff resided at a multi-family residential building in Lewisville, Denton County, Texas in 1999. All phone records for Plaintiff identify only the area code 972 in Texas. Records regarding Plaintiff's employment indicate that he is employed with a company located in Richardson, Dallas County, Texas. No records suggest that in his 48 years, Plaintiff has lived any place other than the State of Texas.

7. Defendant Argos is a Delaware corporation with its principal place of business at Alpharetta, Georgia.

8.      Because Plaintiff is a citizen of Texas and Argos is a citizen of Delaware and Georgia, complete diversity exists among the parties.[1]

**B.     The Amount in Controversy Exceeds $75,000.00.**

9.      Plaintiff has alleged damages "over $250,000 but not more than $1,000,000." *See* Exhibit C-2 (P. 3).

10.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441.  Accordingly, the amount in controversy is above the minimum amount to maintain diversity jurisdiction.

**C.     Removal Is Timely.**

11.     Defendant Argos was served with a copy of Plaintiff's Original Petition on January 4, 2021.  (Exhibit C-4).  Argos files this Notice of Removal within thirty days after service.  28 U.S.C. § 1446(b)(1).  In addition, the suit has been pending for less than a year.  Therefore, removal of this action is timely.

### IV.    COMPLIANCE WITH REMOVAL PROCEDURES

12.     Attached to this Notice of Removal as Exhibits A-C are the following documents required by 28 U.S.C. § 1446(a) and N.D. TEX. LOC. R. 81.1 (these documents are hereby incorporated by reference in all respects):

   A.     Civil Cover Sheet;

   B.     Supplemental Civil Cover Sheet;

   C.     Index of Documents;

---

[1] Plaintiff has named another Defendant under a fictitious name, "John Doe," and has no plans for serving the fictitious Defendant. *See* Exhibit C-2 (P. 1). It has long been the rule that Texas law does not recognize "John Doe" pleadings absent statutory authority.  *Maury v. Turner*, 244 S.W.809, 812 (Tex. Com. App. 1922) ("There is no authority to proceed against unknown persons in the absent of statute."). Moreover, "the citizenship of defendants sued under fictitious names shall be disregarded" when determining whether an action is removable on the basis of diversity.  28 U.S.C. § 1441(b)(1); *Kemp v. CTL Distribution, Inc.*, 440 F.App'x 240, 248 (5th Cir. 2011) (noting the citizenship of a "John Doe" defendant should be disregarded in diversity analysis); *Stallings v. Wal-Mart Stores, Inc.* No. 4:16-CV-595, 2016 WL 4398681, at *2 (S.D. Tex. Aug. 18, 2016) (ignoring three fictitiously named employees of defendant in diversity analysis).  Thus, the citizenship of "John Doe" cannot be considered.

    1.    State Court Docket Sheet;

    2.    Plaintiff's Original Petition, filed December 17, 2020;

    3.    Citation on Argos, issued December 22, 2020;

    4.    Return of Service for Argos, dated January 4, 2021; and

    5.    Defendant Argos' Original Answer, filed January 25, 2021.

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Texas, Dallas Division, embraces Dallas County, Texas, where the state court action was filed and is currently pending. Specifically, Plaintiffs filed suit in the 44th Judicial District Court, Dallas County, Cause No. DC-20-18560.

14.    Defendant will immediately file a copy of its Notice of Removal with the clerk of the state court in which the state court action is pending.

15.    In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

**WHEREFORE, PREMISES CONSIDERED**, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this action should proceed in the United States District Court for the Northern District of Texas, as an action properly removed thereto under 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

**FLETCHER, FARLEY
SHIPMAN & SALINAS, LLP**

 */s/ Fernando P. Arias*
**FERNANDO P. ARIAS**
ATTORNEY IN CHARGE
State Bar No. 24025946
**C. RYAN CURRY**
State Bar No. 24050145
9201 N. Central Expwy., Suite 600
Dallas, Texas  75231
214-987-9600
214-987-9866  fax
fred.arias@fletcherfarley.com
ryan.curry@fletcherfarley.com

**ATTORNEYS FOR DEFENDANT
ARGOS USA LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same was delivered to all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 2nd day of February, 2021.

 */s/ Fernando P. Arias*
**FERNANDO P. ARIAS**